IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARLIN KARTOM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AFFINITY DIRECT, LLC d/b/a EDUCATIONAL ) <br> DIRECT ) <br> ) <br> Defendants. ) | FILED: AUGUST 13, 2008 <br> 08CV4578 <br> JUDGE DOW, JR <br> MAGISTRATE JUDGE MASON <br> JFB <br><br> Jury Demanded |

## CLASS ACTION COMPLAINT

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1. Plaintiff Marlin Kartom brings this action to secure redress for the actions of defendants Affinity Direct, LLC d/b/a Educational Direct ("Educational Direct") for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seg.

### PARTIES

2. Plaintiff Marlin Kartom is an individual who resides in this District.

3. Defendant Affinity Direct, LLC d.b.a Educational Direct is a Maryland Limited Liability Company that is headquartered in New Jersey. It is a student loan company whose registered agent is The Corporation Trust Company, 820 Bear Tavern Rd., West Trenton, NJ 08628.

4. Goodgradesnow.com LLC ("Good Grades Now") is a tutor placement company that has a P.O. Box in Dallas Texas. On information and belief, Goodgradesnow.com LLC is a fictitious company that exists primarily to obtain personal information from consumers.

Plaintiff will seek to add Goodgradesnow.com LLC or related persons or companies if warranted after discovery on the issue.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction under 28 U.S.C. §§1331 and 1337, and 15 U.S.C. § 1681p. Venue lies in this district because a substantial portion of the events took place here. 28 U.S.C. § 1391.

## FACTS

6. Ms. Kartom posted her resume on internet job sites such as Monster.com in and around July 2007.

7. On or around July 4 2007, John Chapman from Good Grades Now contacted plaintiff via email.

8. Mr. Chapman asserted that plaintiff's on-line resume caught his attention and requested that she apply for one of the high paying tutor positions that Good Grades Now had open.

9. The e-mail had a link for an on-line application.

10. Ms. Kartom followed the link and filled out an on-line application for a tutor position on July 4, 2007.

11. On July 5, 2007, Good Grades Now sent plaintiff an e-mail acknowledging her application and asserted that it believed she would be a good fit for a tutor. It provided her a user name and password so she could submit a supplemental application.

12. Plaintiff completed the supplemental application and sent Good Grades Now notification of such on July 10, 2007.

13. One of the supplemental questions was whether plaintiff was interested in

information regarding student loan consolidation. Plaintiff checked "No" to this question.

14. On July 12, 2007 Ms. Kartom received an e-mail from a company named Educational Direct thanking her for her interest in Educational Direct's student loan program and informing her that she did not qualify to consolidate her student loans. The e-mail went on to state that its decision was based on a credit report obtained from Experian.

15. Prior to receipt of the July 12, 2007 e-mail, Ms. Kartom had no contact with Educational Direct and had never even heard of the company.

16. Ms. Kartom was extremely upset when she received Educational Direct's e-mail and sent an e-mail in response the same day.

17. Ms. Kartom explained in her e-mail that she never applied for any student loan program with Educational Direct and that its information regarding her student loan status was incorrect. Plaintiff demanded information about how Educational Direct obtained her credit report.

18. Joel Fencik from Educational Direct responded via e-mail on July 12, 2007 stating that plaintiff's information had been provided through an inquiry in an online survey on July 10, 2007.

19. On information and belief, Educational Direct received Ms. Kartom's information from her on-line job application with Good Grades Now even though plaintiff checked the "No" box concerning student loan information.

20. Plaintiff ordered a tri-merge credit report, which showed that Educational Direct did in fact pull her credit report from Experian.

21. Suspecting that Good Grades Now had provided Educational Direct with her information, plaintiff contacted Good Grades Now to inquire on the status of her job application on

July 12, 2007.

22. Good Grades Now never responded to plaintiff's July 12, 2007 e-mail.

23. On July 14, 2007, plaintiff sent Good Grades Now a follow up e-mail that set forth her belief that it was working with Educational Direct and it made a phony job offer.

24. Ms. Kartom also confirmed that she checked the "No" box regarding student loan information.

25. Despite the nature of the e-mail, Good Grade Now never responded to plaintiff's e-mail.

26. Upon information and belief, based on counsel's investigation, Good Grades Now does not place tutors, but exists primarily to seriptitiously obtain consumers' personal information for its commercial gain.

**Good Grades Now Privacy Policy**

27. According to Good Grades Now's privacy policy, it does not share any applicant's information without "explicit permission to do so." It further asserts that "Your information is completly secure within our internal systems."

28. At no time had Ms. Kartom provided Good Grades Now any permission much less "explicit permission" to share her information or access her credit report.

29. Even if Ms. Kartom had checked the box that she was interested in student loan information, which she did not, a general inquiry into student loan information by itself is not sufficient consent for a company to pull a consumer's credit report.

30. Plaintiff has been damaged as a result of defendant's actions. She has

expended numerous hours trying to investigate this matter and her privacy has been invaded.

## COUNT I – FAIR CREDIT REPORTING - UNAUTHORIZED PULL AND UNAUTHORIZED USE OF CREDIT INFORMATION

31. Plaintiff incorporates ¶¶ 1-30.

32. Educational Direct obtained Plaintiff's credit report without authorization.

33. Defendant certified to the credit agency that it had a permissible purpose to obtain Plaintiff's credit report.

34. Defendant did not have a permissible purpose to obtain plaintiff's credit report.

35. Defendant, through its employee or agent, violated the FCRA by obtaining credit reports regarding plaintiff under false pretenses.

## CLASS ALLEGATIONS

36. Plaintiff brings this count on behalf of a class pursuant to Fed.R.Civ.P.23(a) and (b)(3).

37. The class is defined as all persons for whom defendants accessed their credit report without a permissible purpose within two years of filing this complaint.

38. The class is so numerous that joinder of all individual members in one action would be impracticable.

39. On information and belief, there are over 100 persons who are part of this class.

40. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

41. There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

i. Whether defendant has a practice of obtaining credit reports without a permissible purpose;

ii. Whether defendant thereby violated FCRA;

iii. Whether its actions were willful.

42. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

43. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a. Statutory damages

b. Actual damages;

c. Punitive damages;

d. Attorney's fees and costs of suit;

e. Such other or further relief as the Court deems just and proper.

/s/Keith J. Keogh
Keith J. Keogh

Keith J. Keogh
Alexander H. Burke
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe Street, Suite 2000
Chicago, Illinois  60606
312.726.1092 (office)
312.726.1093 (fax)

## JURY DEMAND

Plaintiff requests a trial by jury.

/s/Keith J. Keogh
Keith J. Keogh